UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE G. BARAJAS GOMEZ,<br><br>                    Petitioner,<br><br>         v.<br><br>DAN WHITE,<br><br>                    Respondent. | CASE NO. C22-5897-MJP-MLP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner Jose Barajas Gomez's 28 U.S.C. § 2254 habeas corpus petition (Dkt. No. 5.), United States Magistrate Judge Michelle L. Peterson's Report and Recommendation ("R&R" (Dkt. No. 16)), in which she recommends the Court dismiss Gomez's petition, and Gomez's Objections to the Report and Recommendation (Dkt. No. 17). Having reviewed the petition, the R&R and the Objections, along with all supporting material and documents, the Court ADOPTS the Report and Recommendation, DENIES Gomez's Objection, DISMISSES Gomez's § 2254 habeas corpus petition with prejudice, and DENIES a certificate of appealability.

## BACKGROUND

Petitioner Gomez is a state prisoner currently confined at the Monroe Correctional Complex. (R&R at 1.) In 2019, the Washington State Patrol's ("WSP") Missing and Exploited Children Task Force conducted a "Net Nanny Operation" in Thurston County, Washington. (Id. at 2.) A Net Nanny Operation is an undercover operation designed to find people online who are interested in having sex with children. (Id.) The Net Nanny Operation conducted in this case involved a WSP detective who adopted an undercover persona as a 13-year-old female named Sam and created a profile for Sam on a dating app called Badoo. (Id.) Gomez began communicating with Sam, initially through the app, but subsequently the two began exchanging text messages. (Id.)

In the early stages of text exchanges, Sam indicated to Gomez that she was 13 years old and that she was staying with a friend in Olympia. (R&R at 2.) Gomez thereafter requested a photograph of Sam, asked her if she liked older guys, and if she had previously had sex with an older guy. (Id.) According to Gomez, he asked Sam for additional photographs and engaged in explicit conversations to confirm that she was not underage. (Objections at 3.) Gomez also asked about the friend Sam was staying with and began texting with the "friend" as well. (R&R at 3.) Eventually, plans were made for Gomez and the two girls to meet at a store close to the friend's house for sex. (Id.) Gomez was arrested near the vicinity of the store. (Id.)

Gomez was charged with two counts of communication with a minor for immoral purposes and two counts of attempted rape of a child in the second degree. (R&R at 3.) The case proceeded to trial, and lasted three days. (Id.) On the first day of jury deliberations, the jury sent a question asking how to proceed as they reached a decision on two charges, but were "hung" on the other two. (Id. at 3-4.) After discussing the matter with counsel, the court called the presiding

juror and asked whether there was "a reasonable probability of the jury reaching an agreement within a reasonable time as to all counts." (Id. at 4.) The juror responded she was unsure, but if she had to guess, she'd say no. (Id.) The court confirmed with the juror that she was unsure. (Id.) After discussing with counsel, the court advised the jury to continue to deliberate. (Id.) The jury returned to the courtroom and the court read the verdicts, which reflected guilty findings on all four charges. (Id.) But, when the clerk polled the jury, one of the jurors stated that the verdicts reached by the jury were not her verdicts. (Id.) The jury was sent out, the court conferred with counsel, and the jury was then brought back into the courtroom where the court advised that it was returning the instructions and verdict forms to the jury and they should re-read the instructions and deliberate consistent with those instructions. (Id. at 4-5.)

Later, the jury sent a question to the court asking again how to proceed if they had reached an agreement on three charges but could not agree on the remaining charge. (R&R at 5.) After conferring with counsel, the court provided the jury with a written response advising the jury to complete the verdict forms for the counts which they agreed upon and write "cannot decide" on the verdict form for the count that they did not agree. (Id.) The jury then returned and read the verdicts, which reflected guilty findings as to one count of attempted rape of a child in the second degree and two counts of communication with a minor for immoral purposes. (Id.) Pursuant to the stipulation of counsel, the trial court declared a mistrial as to the remaining count of attempted rape of a child in the second degree. (Id.) The court imposed a minimum term of 109.5 months confinement and a maximum term of life with respect to the attempted rape charge, and 29 months confinement on each of the two remaining charges of communicating with a minor, which were to run concurrently with each other and with the sentence imposed on the more serious charge. (Id.)

Gomez filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his judgment and sentence. (Id.) Gomez identified the following four grounds for relief in his habeas petition:

1. Trial counsel rendered ineffective assistance when he failed to accept the jury's first verdict and failed to move for a mistrial based on jury misconduct.

2. The trial court abused its discretion when it failed to declare a mistrial based on juror misconduct and when it interfered with the jury's deliberations and coerced the jury into changing their initial verdict to one which allowed the court to impose a harsher sentence.

3. Trial counsel rendered ineffective assistance when he coerced Gomez into not testifying, advised Gomez to stop taking his medications prior to trial, and refused to present an entrapment defense.

4. The trial court erroneously applied a serious level of XI to the offense of attempted rape of a child in the second degree when the appropriate seriousness level was II, as that level more accurately reflected the conduct underlying the offense.

(R&R at 7.)

With regard to the first and third claims, the R&R rejected Gomez's assertions reasoning that counsel's decision to request the jury continue deliberations, counseling Gomez not to testify and not presenting an entrapment defense, were all strategic decisions, and were reasonable in light of the circumstances. (R&R at 11-16.) As to Gomez's claims that his trial counsel instructed him to stop taking all of his medications prior to trial, the R&R found that Gomez failed to produce any evidence in support of this claim, and that even if he had produced evidence, he does not explain how this affected the outcome of his trial. (Id. at 15.) The R&R recommends denying Gomez's habeas petition as to his ineffective assistance of counsel claims.

Turning to Gomez's second claim, the R&R found that Gomez offered no evidence to demonstrate any interference by the trial court. (R&R at 19.) Instead a review of the record and trial transcripts shows that while the events during jury deliberations were somewhat irregular,

the trial court acted properly. (Id. at 19-20.) The R&R recommends denying Gomez's habeas as to this ground for relief.

Lastly, in evaluating Gomez's claim that the trial court applied the wrong seriousness level to his sentence, the R&R reviewed the Washington Court of Appeals analysis of this issue from Gomez's personal restraint proceedings. (Id. at 21.) There, the Court of Appeals found that the seriousness level for second degree rape of a child is a level XI, and that although conviction of this crime reduces the standard sentence range by 25%, it does not change the seriousness level. (Id. at 21-22.) Because federal courts must defer to the state court's interpretation and application of its own law concerning the appropriateness of Gomez's sentence, the R&R recommends denying Gomez's habeas as to his fourth ground for relief. (See R&R at 22.)

Gomez timely filed his objection to the R&R and urges the Court to review his personal restraint petition and his habeas petition, and to assist him in obtaining a photo of Sam so he can demonstrate that she looks older than thirteen. (Objections at 11.) He does not address Judge Peterson's recommendation that the Court deny a certificate of appealability. (Id.)

**ANALYSIS**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Gomez is proceeding pro se, the court must interpret his § 2254 petition and objections liberally. See Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has thoroughly examined the R&R, and Gomez's objections to it. Gomez's objections rehash the arguments he made in his petition, and indeed, refers the Court to his habeas petition for further support. (Objections at 9.) Nothing in Gomez's objections raise any novel issues that were not addressed by Magistrate Judge Peterson in her report and recommendation. On de novo review, the Court finds Judge Petereson's reasoning for recommending the dismissal of Gomez's petition and the denial of a certificate of appealability persuasive. The Court DENIES Gomez's objections for the same reasons Judge Peterson set forth in her report and recommendation and ADOPTS the report and recommendation in full.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)  The Report and Recommendation (Dkt. No. 16) is ADOPTED in full;

(2)  Gomez's petition for a writ of habeas corpus (Dkt. No. 5) and this action are DISMISED with prejudice;

(3)  In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 30, 2023.

Marsha J. Pechman
United States Senior District Judge